[763 NYS2d 779]

In the Matter of JEFFREY BETTAN, an Attorney, Resignor.

Second Department, August 25, 2003

APPEARANCES OF COUNSEL

*Robert P. Guido* Syosset (*Elizabeth A. Grabowski* of counsel), for Grievance Committee for the Tenth Judicial District.

*Marvin S. Robbins*, Garden City, for resignor.

**OPINION OF THE COURT**

Per Curiam.

Jeffrey Bettan has submitted an affidavit dated March 14, 2003, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Bettan was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on October 10, 1973.

The respondent avers that evidence of his professional misconduct has been adduced by the Grievance Committee's ongoing investigation and that authorization for leave to institute a disciplinary proceeding based thereon would be sought.

The respondent concedes that in November 1996 he was entrusted with $225,000 of client funds representing settlement money and legal fees in settlement of the claim of his client, Tonya Robinson. Although the client's share of the settlement amounted to $151,498.75, the respondent only disbursed $60,000 to her. He thereafter converted and misappropriated the remaining sum of $91,498.75, which was owing to his client, for purposes other than that for which they were intended. On April 11, 2002, Mr. Bettan made restitution of $91,498.75 to his client.

The respondent acknowledges his inability to successfully defend himself on the merits against any disciplinary charges which have been or which may be initiated against him by the Grievance Committee based upon the aforesaid professional misconduct.

The respondent avers that his resignation is freely and voluntarily rendered and that he is not being subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney, Marvin S. Robbins, as well as others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 for a minimum of seven years from seeking reinstatement as an attorney.

The respondent's resignation is submitted subject to any application which could be made by the Grievance Committee for

the Tenth Judicial District to direct that he make restitution to the New York Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him.

The respondent unequivocally admitted converting $91,498.75 in client funds and the Grievance Committee confirms that he has made full restitution in that amount. The Grievance Committee recommends that the Court accept his affidavit of resignation from the bar and strike his name from the roll of attorneys.

Under these circumstances, the proffered resignation is accepted, and, effective immediately, Jeffrey Bettan is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

RITTER, J.P., SANTUCCI, ALTMAN, FEUERSTEIN and H. MILLER, JJ., concur.

Ordered that the resignation of Jeffrey Bettan is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeffrey Bettan is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jeffrey Bettan shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeffrey Bettan is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.